# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2026-1612
Lower Tribunal No. 2026-MS-000144

_____

TIMOTHY P. SAVAGE,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Certiorari to the County Court for Collier County.
Deborah Cunningham, Judge.

August 3, 2026

PER CURIAM.

PETITION DENIED. *Compare Roberts v. State*, 405 So. 3d 383, 385 (Fla. 6th DCA 2023) ("The order granting the [State's motion seeking leave of court to subpoena medical records] authorized the State to subpoena [the petitioner's] medical records. Those records are protected by sections 395.3025 and 401.30, Florida Statutes. [The petitioner] has established irreparable harm because a violation of either statute causes an immediate injury that cannot be remedied on appeal. We now turn to the issue of whether the trial court departed from the essential

requirements of the law. To obtain a subpoena for medical records, the State must present argument *and evidence* showing a nexus between those records and the criminal investigation. At the hearing on the Motion, the State presented *no evidence*. We reject the State's contention that making argument at the hearing that referred to the [signed but unsworn] Motion and the [unsigned and unsworn] Attachments [thereto that were allegedly prepared by deputy sheriffs related to the DUI case] satisfied its obligation to present evidence. Therefore, [the petitioner] has demonstrated a departure from the essential requirements of the law. For all the foregoing reasons, we grant the petition for writ of certiorari and quash the trial court's order granting the Motion." (citations omitted)), *with McKnight v. State*, 335 So. 3d 190, 192 (Fla. 5th DCA 2022) ("When the State seeks a subpoena for medical records, the court can rely on the State's argument and the accident report or probable cause affidavit to establish relevance." (citation omitted)), *and State v. Tavenese*, 321 So. 3d 252, 255 (Fla. 4th DCA 2021) ("Moreover, when the State seeks a subpoena for medical records, the court can rely on the State's argument and the accident report or probable cause affidavit to establish relevance." (brackets, internal quotation marks, and citation omitted)), *and Leka v. State*, 283 So. 3d 853, 859 (Fla. 2d DCA 2019) ("In considering the request for a subpoena for medical records, the court can rely on the State's argument and the accident report or probable cause affidavit to establish relevance." (citations and internal quotation

marks omitted)). *See generally CPPB, LLC v. Taurus Apopka City Ctr., LLC*, 375 So. 3d 327, 329 (Fla. 6th DCA 2023) ("Appellate courts may grant a petition for certiorari only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." (citation and internal quotation marks omitted)); *Regala v. McDonald*, 374 So. 3d 855, 858 (Fla. 6th DCA 2023) ("Because the second and third elements, which are jointly referenced as 'irreparable harm,' are jurisdictional, they must be established before the first element, i.e., the merits, may be addressed.").

MIZE, GANNAM and PRATT, JJ., concur.


Christopher E. Cosden, Fort Myers, for Petitioner.

James Uthmeier, Attorney General, Tallahassee, and Cerese Crawford Taylor, Senior Assistant Attorney General, Tampa, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED